PER CURIAM.
We have for review the petition of the Florida Bar’s Rules of Judicial Administration Committee (the Committee) to consider amendments to the Florida Rules of Court. We have jurisdiction. Art. V, § 2(a), Fla. Const. We adopt in part and reject in part the Committee’s recommendations.
The proposed rule amendments in this case constitute the quadrennial amendments to the Florida Rules of Judicial Administration. The Committee has proposed sixteen substantive changes, which affect ten of the rules. In summary, the proposed amendments are as follows:
(1) RULE 2.030 — would add a new subsection to provide that the chief justice may extend the time deadlines imposed by the Florida Statutes and the Florida Rules of Court in the event of an emergency that requires closure of the courts such as that which occurred as a result of Hurricane Andrew.
(2) RULE 2.050—
(a) would give each circuit’s chief judge discretion in establishing rotation plans;
(b) would specify that chief judges who have served for four years in two consecutive terms must receive a two-thirds vote in a secret ballot in order to be nominated for reelection to an additional term.
(c) would require that all local rules be indexed and recorded (this is already required for administrative orders) and provide that any local rules or administrative orders that are not recorded and indexed shall have no force or effect.
(3) NEW RULE 2.052 — would set forth a procedure to be followed when an attorney has a scheduling conflict within the court system.
(4) RULE 2.055 — would change the blank spaces on pages for clerk’s stamps to make the rule consistent with section 695.26, Florida Statutes (1995) (enlarges space from 1 ½" x 1⅝" to 3" x 3").
(5) RULE 2.060 — would delete the prohibition regarding the practice of law by research aides or secretaries because this subject matter is addressed in Rule Regulating the Florida Bar 4-1.11.
(6) NEW RULE 2.065 — would set up notice requirements to persons with disabilities for compliance with the Americans with Disabilities Act.
(7) RULE 2.07Ó—
(a) would provide for notice requirements when having a proceeding recorded and/or transcribed;
(b) would require that any party who has ordered a transcript must make the transcript available for inspection and copying upon the request of another party; and
(c) would allow for the use of a compressed format for transcripts (six pages could be compressed into one page).
(8) RULE 2.130—
(a) would require this Court to notify the appropriate rules committee of any emergency amendments that are filed with the Court to allow input by the committee;
(b) would limit rule committee membership to not more than 36 members and require that at least one-fourth of all members be individuals who were not members the previous year; and
(c) would create the position of first vice-chair, who shall be appointed by the president-elect of the Florida Bar and who shall become committee chair during the president-elect’s term as president.
(9) NEW RULE 2.135 — would provide that the Rules of Appellate Procedure control when rules conflict in appellate proceedings.
(10) RULE 2.180 — would require circuit court chief judges to consult the affected circuit regarding details of cases needing venue changes and would provide for allocation of costs between the counties.
In addition to the above-listed proposed amendments, the Committee recommended *91 that we amend the rules to reflect several nonsubstantive, technical changes.
These proposed amendments were advertised in The Florida Bar News, comments were received, and argument was heard before the Court. Most of the comments submitted were in opposition to the proposal to limit the terms of chief judges (to be included in rule 2.050) and to the proposal to amend the rule governing court reporters (rule 2.070). Additionally, the Board of Governors of the Florida Bar unanimously rejected the proposed amendments to rule 2.070 and the proposed amendments to rule 2.130 regarding committee membership.
After considering the proposed amendments and comments, we adopt the proposed changes to rules 2.030, 2.052, 2.055,[1] 2.065, 2.135, and 2.180 as well as most of the non-substantive, technical changes to the rules without discussion. We adopt or reject the remaining proposals as set forth below.
We reject the proposed amendments to rule 2.050 regarding rotation plans and term limits for chief judges. While we understand the basis for the requested rule changes, we find that the present rule provisions concerning the rotation of judges and the terms for chief judges should remain unchanged. We do, however, find that the rule should be amended to reflect that all elections for chief judge should be by secret ballot. We have amended the rule accordingly. We have also modified that portion of the proposed changes to rule 2.050 regarding the indexing and recording of administrative orders and local rules to eliminate the proposed provision that local rules and administrative orders not properly indexed would have no force and effect.
We also reject the proposed amendments to rule 2.070 regarding court reporters because we find that the proposed amendments could have detrimental effects. As pointed out by the Board of Governors, the proposals would impose additional notice requirements and would shift the burden of maintaining the integrity of original deposition transcripts and exhibits from courts reporters to attorneys, which could raise questions regarding the integrity of those items. Additionally, the proposals could provide a significant time advantage to the attorney ordering the original transcript and possibly result in the delay of trials. Although we reject the proposed changes to this rule, we recognize that the Committee was attempting to reduce the'cost of litigation in recommending these changes and that additional improvements in this- area can be accomplished. Consequently, we request the Rules of Civil Procedure Committee to further investigate this issue and recommend procedures for reducing court reporter costs by October 1, 1997.[2]
We also reject at this time the proposal to allow for the use of a compressed format for transcripts. We recognize that compressed formats save paper, are less burdensome, and save space. Nevertheless, after having viewed transcripts in compressed format, we find that we cannot allow this type of transcript to be used for court record purposes. Our rejection of the proposed rule change does not preclude an attorney from negotiating with a court reporter to obtain a less costly transcript in compressed format or even in an electronic format for use by that attorney. Our decision merely means that court reporters must continue to provide transcripts in standard format for court records as set forth in the rules.
Finally, we address the proposed amendments to rule 2.130. As noted, the Board of Governors unanimously rejected the proposed amendments to this rule regarding committee membership. We also conclude that these types of committee membership changes are best left to the discretion of the officers of the Florida Bar. Likewise, we conclude that the proposal to require this *92 Court to notify rules committees of emergency amendments is unnecessary. This is because all emergency rule amendments, including those implemented by this Court on its own motion, are sent to the appropriate rules committee for review and comment.
Accordingly, for the reasons expressed, we amend the Rules of Judicial Administration as set forth in the attached appendix. The amendments shall become effective on January 1,1997.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ„ concur.
WELLS, J., concurs with an opinion, in which KOGAN, C.J., and GRIMES, J., concurs.

. On our own motion, we have eliminated subdivision (e) of rule 2.055 regarding the effective date of the rule because it is no longer necessary and would conflict with the effective date of today's changes.

. A number of suggestions regarding the use of technology to reduce costs were recently promulgated in the following article: Richard Power, Technology in the Criminal Appellate Process, Government Technology, Aug. 1996, at 35. While the suggestions in that article apply to the criminal appellate process, they could have broad general application as well.